IN THE UNITED STATES DISTRICT COURT
FORE THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROSCOE BOYD, | ) | CASE NO. 1:15 CV 337 |
| | ) | |
| PETITIONER, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELLE MILLER, WARDEN | ) | |
| | ) | |
| RESPONDENT. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |

## Introduction

Before me by referral,[1] is the petition of Roscoe Boyd for a writ of habeas corpus

under 28 U.S.C. § 2254.[2]  Boyd is presently incarcerated by the State of Ohio at the Belmont

Correctional Institution in St. Clairsville, Ohio in the custody of Warden Michelle Miller.[3]

He is serving a seven year term of imprisonment imposed in 2014 after pleading guilty and

being convicted by the Cuyahoga County Court of Common Pleas of sexual battery and gross

sexual imposition.[4]

---

[1]  ECF # 7.

[2]  ECF # 1.

[3]  *Id.* at 1.

[4]  ECF # 11, Attachment at 116.  Boyd states in his petition that in addition to being convicted for sexual battery and gross sexual imposition that he was also convicted of abduction.  The State Court Record reflects that at Boyd's re-sentencing that his abduction charge was merged into his sexual battery conviction.

In his petition, Boyd raises one ground for relief.[5]  The State of Ohio, in its return of the writ, argues that Boyd failed to follow state procedural rules, and as a result, should be dismissed as procedurally defaulted.[6]  Alternatively, the state argues that Boyd's claim is a non-cognizable state law claim.[7]

For the reasons that follow it is my recommendation that Boyd's petition be dismissed in its entirety.[8]

## Facts

### A.    Relevant Background Facts

I have found the following facts to be relevant in evaluating Boyd's petition:

The Eighth District Court of Appeals found that on June 27, 2012, Boyd was charged in a seven count indictment in connection with the alleged sexual abuse of a child who was less than thirteen years old over the course of several years.[9]  Boyd was indicted with one count of rape, one count of kidnapping, with an attached sexual motivation specification, one count of disseminating material harmful to juveniles, and four counts of gross sexual

---

[5]    ECF # 1 at 4.

[6]    ECF # 11 at 1, 15.

[7]    *Id.* at 1, 9.

[8]    The State's argument that Boyd's claim is non-cognizable seems to be correct if superfluous. Because Boyd's claim is procedurally defaulted the merits may not properly be addressed.

[9]    ECF 11, Attachment at 102.

imposition.[10] Boyd pleaded not guilty.[11]

On October 10, 2012, Boyd withdrew his prior plea of not guilty and entered a negotiated guilty plea to sexual battery, abduction, and gross sexual imposition.[12]  The trial court accepted his guilty plea.[13]

Boyd was sentenced on November 12, 2012.[14]

On August 8, 2013, Boyd filed a notice of appeal and a motion for leave to filed a delayed appeal.[15]  The state court of appeals granted Boyd leave to file a delayed appeal and appointed him counsel.[16]  On appeal Boyd argued multiple assignments of error.[17]

On March 20, 2014, the state court of appeals rejected all of Boyd's assignments except one which related to the journal entry at the time of his sentencing.  The court affirmed his convictions, but noted that "the sentencing journal entry d[id] not properly reflect the sentence announced in open court," and reversed Boyd's sentence and remanded

---

[10]  *Id.* at 1-4.

[11]  *Id.* at 5.

[12]  *Id.* at 6.

[13]  *Id.*

[14]  *Id.* at 7.  The state court of appeals noted that there was a clerical error as to whether Boyd's sentences was to run consecutively or concurrently, but this is not relevant to the present consideration.  *See id.* at 7, 9, 16, 102-03.

[15]  *Id.* at 13, 23.

[16]  *Id.* at 30.

[17]  *Id.* at 35.  In addition to the two assignments of error raised in his brief, Boyd subsequently filed a pro se supplemental brief raising four additional assignments of error.  *Id.* at 77.

for re-sentencing.[18]

Boyd was resentenced by the trial court on April 29, 2014.[19]  At that time the court
corrected the journal error and imposed a prison term of five years for Boyd's sexual battery
conviction and a two year prison term for his conviction of gross sexual imposition to run
consecutively for a total prison term of seven years, which he is presently serving.[20]

**B.     Direct Appeal to Ohio Appeals Court**

On June 13, 2014, some six weeks after his re-sentencing, Boyd filed a notice of
appeal with the Eighth District Court of Appeals in Cuyahoga County.[21]

The State moved to dismiss this appeal as untimely and because Boyd did not attach
a final, appealable order to his notice of appeal.[22]  The State based its claim on Ohio Rule of
Appellate Procedure 4(A), which states in relevant part "a party who wishes to appeal from
an order that is final upon its entry shall file the notice of appeal . . . within 30 days of that
entry."[23]

The court of appeals granted the State's motion and dismissed Boyd's appeal because

---

[18]   *Id.* at 101, 114.

[19]   *Id.* at 116.

[20]   *Id.*

[21]   *Id.* at 119.  The State, in its return of the writ uses the actual date of the resentencing, April 29,
2014.  ECF # 11 at 4.  The State's motion to dismiss appeal, however,  uses the actual date of filing,
May 2, 2014.  ECF # 11, Attachment at 135.  Regardless of which date is used, Boyd failed to file
his appeal within the thirty day period as required by App. R. 4.

[22]   *Id.* at 135-36.

[23]   Ohio R.App.P. 4(A).

it was untimely and did not contain an appealable order.[24]

Boyd then appealed to the Supreme Court of Ohio.[25]  The Supreme Court of Ohio

declined jurisdiction.[26]

## C.      **Federal Habeas Petition**

## 1.      *The petition*

Roscoe Boyd, *pro se*, filed the present petition in this court on February 20, 2015.[27]

In the petition, he raises the following ground for relief:

> **GROUND ONE**: Art I section 10 note 34 Due Process; Fair Trial; Equal Protection
>
> **Supporting Facts:** The Plea was to have been concurrent with procedure of signed documents for 2 years concurrent sex battery 2907.03(A)(3) to 2907.05 (A)(1) gross sexual imposition 2 years concurrent; to 2901.05(A)(4) gross sexual imposition for incarcerated sentence of 2 years.  The appeal remand as if new 0320, 2014 appeal case no. 100225; trial case no. CR-12-563247 gave same sentence credit for one year time served, appeal of decision by appeal case no. 101523 0811, 2014 denied no privilege to appeal of court of common pleas denial to review remand.[28]

---

[24]   *Id.* at 148.
The notice of appeal does not specify the order appellant is appealing from . . . . The [attached] order only acknowledges that a judgment was entered earlier.  It does not affect any substantial right of the appellant and therefore is not an appealable order.  To the extent appellant seeks to appeal from the earlier re-sentencing entry, his notice of appeal is untimely.  Therefore, this appeal is dismissed.

[25]   *Id.* at 149.

[26]   *Id.* at 160.

[27]   ECF # 1

[28]   *Id*. at 4.

5

2.    *Return of the writ/traverse*

As noted, the State in its return of the writ asserts that the petition is procedurally defaulted. Alternatively, the state argues that Boyd's claim is a non-cognizable state law claim.[29]   Boyd has not filed a traverse.

## Analysis

### A.    Preliminary Observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Boyd is currently in state custody as a result of his conviction and sentence by an Ohio Court.  Similarly, there is no dispute that he was so incarcerated at the time he filed this petition.  As such, Boyd meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[30]

2.    There is also no dispute that Boyd's pro se habeas petition was timely filed under the applicable statute.[31]

3.    Boyd states,[32] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[33]

4.    Subject to the claim raised in this petition that will be recommended for dismissal as procedurally defaulted, to be further discussed below, it appears that this claim has been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review

---

[29]    ECF #11 at 1, 9.

[30]    28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[31]    28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 245 F.3d 280, 283-84 (6th Cir. 2000).

[32]    ECF # 1 at 9.

[33]    28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

procedure.[34]

**B.      Standards of Review**

*1.      Procedural Default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[35]

When the State asserts a violation of a state procedural rule as the basis for default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)      Does a state procedural rule exist that applies to the petitioner's claim?

(2)      Did the petitioner fail to comply with that rule?

(3)      Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)      Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[36]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review

---

[34]      28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[35]      *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[36]      *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

of an allegedly procedurally defaulted claim.[37]

If the State establishes a procedural default, the petitioner may overcome the default if he or she can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[38]  In addition, a showing of actual innocence may also excuse a procedural default.[39]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to him or herself, preventing the petitioner from complying with the state procedural rule.[40] Demonstrating "prejudice" requires the petitioner show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting hte entire proceeding with error of a constitutional dimension.[41]  If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[42]

---

[37]  *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citation omitted).

[38]  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (*superseded on other grounds*).

[39]  *Id.*

[40]  *Id.* at 753.

[41]  *United States v. Frady*, 456 U.S. 152, 170 (1982).

[42]  *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

**C.      Application of Standards**

*1.      Ground One - Alleging Violations of  "Art I section 10 note 34 Due Process; Fair Trial; Equal Protection"[43] - Should be Dismissed as Procedurally Defaulted.*

Boyd's appeal after his resentencing was dismissed by the state appeals court as untimely.[44]  Although Boyd contends that he raised his sole ground for relief in his untimely appeal from his re-sentencing,[45] his argument is nonetheless irrelevant in light of the fact that was not made in a timely manner pursuant to Ohio Appellate Rule 4(A).

In that regard, I will consider Boyd's case in light of the four-part test for procedural default outlined above.

*1.      A state procedural rule exists that applies to the Boyd's claim.*

Rule 4(a) of the Ohio Rules of Appellate Procedure applies to Boyd's claim.  That rule states in relevant part that a party wishing to appeal from a final order "shall file the notice of appeal . . . within 30 days of that entry."[46]

*2.      Boyd failed to comply with Ohio Appellate Rule 4.*

The state court of appeals, in dismissing Boyd's appeal, stated that "[t]o the extent appellant seeks to appeal from the earlier resentencing entry, his notice of appeal is

---

[43]    ECF # 1 at 4.

[44]    ECF # 11, Attachment at 148.

[45]    ECF # 1 at 3.

[46]     Ohio R.App.P. 4(A).

9

untimely.[47]  It is this untimeliness that constitutes Boyd's failure to comply with the rule.

**3.      *The state court relied on that failure as the basis for its refusal to address the merits of the Boyd's claim.***

The state court of appeals granted the State's motion to dismiss and, therefore, did not

address the merits of Boyd's claim.[48]

**4.      *The state rule violated by the Boyd is an adequate and independent state law basis for barring the federal court from considering the claim.***

A violation of Ohio Appellate Rule 4(A) by failing to file a timely notice of appeal

constitutes  an  adequate  and  independent  state  ground  thus  foreclosing  federal  habeas

review.[49]  The Sixth Circuit teaches that a state procedural rule may serve as an adequate

state  ground  from  preventing  federal  review  of  a  habeas  petition,[50]  and  has  recognized

specifically that a violation of Ohio Appellate Rule 4(A) constitutes a procedural default.[51]

---

[47]    ECF # 11, Attachment at 148.  The state court of appeals also noted that Boyd did not attach
an appealable order stating that the attached order did not "affect any substantial right of the
appellant and therefore is not an appealable order."  *Id.*

[48]    *Id.*

[49]    *Christie v. Milligan*, 2012 WL 1246850, *5 (N.D.Ohio) (citing *Bonilla v. Hurley*, 370 F.3d 494,
497 (6th Cir. 2004); *see also Brooks v. Morgan*, 2014 WL 6389504, *4 (N.D.Ohio) (stating *a
fortiori* that since Ohio Appellate Rule 5(A), which  provides for discretionary review of delayed
appeals is an adequate and independent state ground precluding habeas review, that the thirty day
period provided for appeals in Ohio Appellate Rule 4(A) is as well).

[50]    *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011) (stating that although procedural rules such
as Ohio Appellate Rule 5(A), that afford courts broad discretion, they nonetheless serve as a valid
basis for procedural default).

[51]    *See e.g. Wagner v. McMackin*, 968 F.2d 1217 (6th Cir. 1992) (unpublished decision) (affirming
dismissal of habeas petition as procedurally defaulted based on violation of Ohio Appellate Rule
4(A)), *see e.g. Carrion v. Wilson*, 262 Fed.Appx. 693, 695 (6th Cir. 2008) (stating pursuant to Ohio
Appellate Rule 4(A), a conviction is final thirty days after sentencing).

Boyd has not shown cause for the default or actual prejudice from the court's failure to addressed the alleged constitutional violation.  He has also not shown that lack of review on the merits will result in a fundamental miscarriage of justice.

Finally because Boyd pleaded guilty to the crimes he was convicted of, he has not and cannot now claim actual innocence as a means of excusing his procedural default.

## Conclusion

For the reasons stated, I recommend that the petition of Roscoe Boyd for a writ of habeas corpus be dismissed in its entirety as is more fully set forth above.

Dated: October 19, 2015                         s/ William H. Baughman, Jr.
                                                United States Magistrate Judge