**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ROSCOE BOYD, ) | CASE NO. 1:15CV337 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| MICHELLE MILLER, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

### CHRISTOPHER A. BOYKO, J:

This matter comes before the Court on Petitioner Roscoe Boyd's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition as procedurally defaulted.

### FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On June 27, 2012, Petitioner was charged in a seven count Indictment with one count of Rape, one count of Kidnapping with a Sexual Motivation Specification, one count of Disseminating Material Harmful to Juveniles, and four counts of Gross Sexual Imposition. On October 10, 2012, Petitioner entered a guilty plea to Sexual Battery, Abduction and Gross Sexual Imposition. Petitioner was sentenced on November 12, 2012.

On August 8, 2013, Petitioner filed a Notice of Appeal and a Motion for Leave to File a Delayed Appeal. The Eighth District Court of Appeals granted Petitioner Leave to File a Delayed Appeal. On March 20, 2014, the Court of Appeals affirmed the conviction but noted that the journal entry at the time of his sentencing did not reflect the sentence and remanded the case for re-sentencing. Petitioner was re-sentenced on April 29, 2014, to a total prison term of seven years.

On June 13, 2014, six weeks after his re-sentencing, Petitioner filed a Notice of Appeal with the Eighth District Court of Appeals. The Court of Appeals dismissed Petitioner's Appeal because it was untimely and did not contain an appealable order. Petitioner then appealed to the Supreme Court of Ohio. The Supreme Court of Ohio declined jurisdiction.

Petitioner filed the instant Petition on February 20, 2015, asserting the following ground for relief:

**GROUND ONE:** Art I section 10 note 34 Due Process; Fair Trial; Equal Protection.

**Supporting Facts:** The Plea was to have been concurrent with procedure of signed documents for 2 years concurrent sex battery 2907.03(A)(3) to 2907.05(A)(1) gross sexual imposition 2 years concurrent; to 2901.05(A)(4) gross sexual imposition for incarcerated sentence of 2 years. The appeal remand as if new 0320, 2014 appeal case no. 100225; trial case no. CR-12-563247 gave same sentence credit for one year time served, appeal of decision by appeal

case no. 101523 0811, 2014 denied no privilege to appeal of court of common pleas denial to review remand.

On April 30, 2015, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on October 19, 2015. On October 30, 2015, Petitioner filed his Objection to Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of

3

those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

On July 23, 2015, Respondent filed a Motion to Dismiss asserting the claims presented by Petitioner in his Petition have been procedurally defaulted, or are not cognizable. In his Objection, Petitioner fails to address the procedural default or show cause for the default.

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). If the State establishes a procedural default, the petitioner may overcome the default if he or she can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (superseded on other grounds). In addition, a showing of actual innocence may also excuse a procedural default. *Id*.

Here, the Magistrate Judge points out that Petitioner's Appeal after his re-sentencing was dismissed by the Court of Appeals as untimely. Although Petitioner contends that he raised his sole ground for relief in his untimely Appeal from his re-sentencing, his argument is irrelevant since it was not made in a timely manner

4

pursuant to Ohio Appellate Rule 4(A).  The Magistrate Judge considered the four part test in *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) to determine if a claim is procedurally defaulted.  The Court agrees with the determination that Petitioner has defaulted his claim.  Petitioner has failed to show cause for the default and failed to show actual prejudice from the Court's failure to address any alleged constitutional violation.  Petitioner pleaded guilty to the crimes and thus cannot now claim actual innocence as a means of excusing his procedural default.

In Petitioner's Objection, he makes no attempt to specifically address the procedural default.  "A party may not file a general objection to the entirety of the magistrate's report."  *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services,* 932 F.2d 505, 508-09 (6th Cir. 1999)).  "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'"  *Ayers*, *supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).  Petitioner does not provide the Court with any outline of areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.

Petitioner's submission simply recites his objection; but is the equivalent of an utter failure to object as it does not address the procedural default.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date:11/5/2015
*s/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**